UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ICALLY FILED
FILED: 7-6-22

ILYA FELIKSOVICH IOSILEVICH,

Plaintiff,

-against-

WALMART INC., *et al.*,

Defendants.

22-CV-4757 (VB)

ORDER OF SERVICE

VINCENT L. BRICCETTI, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that

Defendants violated his federal constitutional rights and his rights under state law. By order

dated June 8, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"),

that is, without prepayment of fees. Named as Defendants are Walmart, Inc.; Walmart store

#2531 Asset Protection Associate Joseph Negron; Jane Doe, General Manager of Walmart store

#2531; Jane Doe or "Beatriz," an "exit door host" or "store associate" at Walmart store #2531;

the State of New York; the New York State Police; Superintendent of New York State Police

Kevin P. Bruen; New York State Trooper John T. Reicherter; John and Jane Doe partners of

Trooper Reicherter; Westchester County Government; Westchester County Executive George

Latimer; Westchester County Office of the District Attorney; and Westchester County District

Attorney Miriam E. Rocah.

For the reasons set forth below, the Court dismisses Plaintiff's claims against the State of

New York, the New York State Police, Rocah, Latimer, and the Westchester District Attorney's

Office; directs the New York State Police to assist Plaintiff in identifying the John and Jane Doe

troopers who assisted in his arrest; and directs service on Walmart, Negron, Reicherter, Bruen,

and Westchester County.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A.     The Eleventh Amendment

The Court must dismiss Plaintiff's claims against the State of New York and the New York State Police. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Court therefore dismisses Plaintiff's claims against the State of New York and the New York State Police because Plaintiff seeks monetary relief from a defendant that is immune from such relief and, therefore, the Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3); *see*

2

*Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction.").

**B.      Claims against the Westchester District Attorney's Office and Rocah**

The Court must dismiss Plaintiff's claims against the Westchester County District Attorney's Office. "Under New York State law, the Office of the District Attorney does not itself have a legal existence separate from the District Attorney." *Jones v. City of New York*, 988 F. Supp. 2d 305, 314 (E.D.N.Y. Dec. 20, 2013) (citing *Woodward v. Office of DA*, 689 F. Supp. 2d 655, 658 (S.D.N.Y. 2010)). Plaintiff's claims against the Westchester County District Attorney's Office must therefore be dismissed because it lacks the capacity to be sued.[1]

The Court must also dismiss Plaintiff's claims against District Attorney Rocah in her role as a prosecutor. Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In

---

[1] A district attorney is "a state rather than a local representative 'when prosecuting a criminal matter[.]'" *Bellamy v. City of N.Y.*, 914 F.3d 727, 757 (2d Cir. 2019) (alteration omitted and quoting *Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988)). On the other hand, where the challenged conduct is the policies and customs of the district attorney's office, "'the district attorney is a municipal policymaker,' because in making decisions other than whether to prosecute the 'district attorney acts as the manager of the district attorney's office, which . . . is a municipal function.'" *Id.* (quoting *Walker v. City of N.Y.*, 974 F.2d 293, 301 (2d Cir. 1992)). Thus, to the extent Plaintiff is asserting that the Westchester County District Attorney's Office had a policy, custom, or practice that violated his constitutional rights, those claims would be asserted against Westchester County, which Plaintiff also names as a defendant in this action.

addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*).

   Here, Plaintiff's claims against District Attorney Rocah are based on actions taken within the scope of her official duties in prosecuting Plaintiff. These claims are therefore dismissed because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").[2]

**C.    Claims against Latimer**

   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a

_____

   [2] To the extent Plaintiff is seeking an injunction directing the District Attorney's Office to "rearraign" him and bring him to trial, *see* ECF 2, at 15-16, Plaintiff cannot initiate the arrest and prosecution of an individual in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding against him, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).

prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how Latimer was personally involved in the events underlying his claims. Plaintiff's claims Section 1983 claims against Latimer are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.**   ***Valentin* Order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York State Police to identify the John and Jane Doe State Troopers who assisted Reicherter in arresting Plaintiff on September 1, 2020. It is therefore ordered that the New York State Attorney General, who is the attorney for and agent of the New York State Police, must ascertain the identity and badge number of each John or Jane Doe whom Plaintiff seeks to sue here and the address where the defendant may be served. The Attorney General must provide this information to Plaintiff and the Court by no later than September 6, 2022.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John and Jane Doe defendant(s). The amended complaint will replace, not

5

supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the U.S. Marshals Service Process Receipt and Return form ("USM-285 form") with the addresses for the named John and Jane Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

**E.      Service on Walmart, Negron, Reicherter, Bruen, and Westchester County**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Walmart, Negron, Reicherter, Bruen, and Westchester County through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a USM-285 form for these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

(2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against the State of New York and the New York State Police because Plaintiff seeks monetary relief from a defendant that is immune from such relief and, therefore, the Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3).

The Court dismisses Plaintiff's claims against the Westchester County District Attorney's Office and County Executive Latimer for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court dismisses Plaintiff's claims against Westchester County District Attorney Rocah because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

The Clerk of Court is directed to mail a copy of this order and the complaint to New York State Attorney General at: 28 Liberty Street, New York, New York 10005. An amended complaint form is attached to this order.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Walmart, Negron, Reicherter, Bruen, and Westchester County, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.* *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    July 6, 2022
          White Plains, NY

VINCENT L. BRICCETTI
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1.      Walmart, Inc.
   702 SE 8th Street
   Bentonville, AR 72716

2.      Joseph Negron
   Asset Protection Associate, Walmart Store #2531
   3133 East Main Street
   Mohegan Lake, New York 10547

3.      Trooper John T. Reicherter
   3113 East Main Street
   Mohegan Lake, New York 10547

4.      Kevin P. Bruen
   Superintendent of New York State Police
   1220 Washington Ave., Building #22
   Albany, New York 12203

5.      Westchester County
   148 Martine Avenue
   White Plains, New York 10601

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

_____ Civ. _____ ( ____ )

**AMENDED
COMPLAINT**

Jury Trial:  ☐ Yes      ☐ No
(check one)

I.      **Parties in this complaint:**

A.      List your name, address and telephone number.  If you are presently in custody, include your identification number and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff      Name _____
               Street Address _____
               County, City _____
               State & Zip Code _____
               Telephone Number _____

B.      List all defendants.  You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual.  Include the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

*Rev. 12/2009*                              1

Defendant No. 1    Name _____
                   Street Address _____
                   County, City _____
                   State & Zip Code _____
                   Telephone Number _____

Defendant No. 2    Name _____
                   Street Address _____
                   County, City _____
                   State & Zip Code _____
                   Telephone Number _____

Defendant No. 3    Name _____
                   Street Address _____
                   County, City _____
                   State & Zip Code _____
                   Telephone Number _____

Defendant No. 4    Name _____
                   Street Address _____
                   County, City _____
                   State & Zip Code _____
                   Telephone Number _____

## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal Questions          ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____
_____
_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____
Defendant(s) state(s) of citizenship _____
_____

## III.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.    Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      Where did the events giving rise to your claim(s) occur? _____

_____

B.      What date and approximate time did the events giving rise to your claim(s) occur? _____

_____

_____

C.      Facts: _____

| What happened to you? | _____ |
| Who did what? | _____ |
| Was anyone else involved? | _____ |
| Who else saw what happened? | _____ |

## IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

_____

_____

_____

_____

**V.    Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ___ day of _____, 20__.

Signature of Plaintiff     _____

Mailing Address           _____

                               _____

                               _____

Telephone Number          _____

Fax Number *(if you have one)* _____

Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:    _____

Inmate Number             _____