# United States District Court
## SOUTHERN DISTRICT OF NEW YORK

ILYA FELIKSOVICH IOSILEVICH,

        *Plaintiff,*

-against-

WALMART INC., JOSEPH NEGRON, KEVIN P. BRUEN, JOHN T. REICHERTER, and WESTCHESTER COUNTY GOVERNMENT,

        *Defendants.*

DOCKET NO.:
22-CV-04757(VB)(JCM)

## MEMORANDUM OF LAW

BRODY, O'CONNOR & O'CONNOR, ESQS.
*Attorneys for Defendant-Appellant*
*7 Bayview Avenue*
*Northport, New York 11768*
*(631) 261-7778*

# **TABLE OF CONTENTS**

Procedural Posture..........................................................................................................1

Facts..............................................................................................................................2

Legal Standards

    A. Pro Se Parties..................................................................................................2
    B. Motion to Dismiss – Rule 12(b)(5)..................................................................4
    C. Motion to Dismiss – Rule 12(b)(6)..................................................................4
    D. This Court's Special Rules for Motion to Dismiss..........................................5

Argument

    I.    Defendants Walmart and Negron Were Never Served and Jurisdiction
        Was Not Acquired Over Them....................................................................6
    II.   A Store and Its Employees Are Not State Actors Under §1983...................6
    III.  This Court Should Not Exercise Its Supplemental Jurisdiction....................8

Conclusion.....................................................................................................................9

## TABLE OF AUTHORITIES

Absolute Activist Value Master Fund Ltd. v. Ficeto,
677 F.3d 60, 65 (2d Cir. 2012)..................................................................................5

Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937,
173 L. Ed. 2d 868 (2009)..........................................................................................5

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955,
167 L. Ed. 2d 929 (2007)..........................................................................................5

Biragov v. Dreamdealers USA, LLC, 2021 U.S. Dist LEXIS 220404 (SDNY 2021)..............9

Capogrosso v. Alan Gelbstein, 2022 U.S. Dist LEXIS 179456 (EDNY 2022).....................7

Cassano v. Altshuler, 186 F. Supp. 3d 318, 320 (S.D.N.Y. 2016)......................................4

Cassano, 186 F. Supp. 3d at 320...............................................................................4

Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010)...................................................4

Deptula v. Rosen, 558 F. Supp. 3d 73, 2021 WL 4037709,
at *7 (S.D.N.Y. Sept. 3, 2021)...................................................................................4

Estate of Iodice v. Gimbels, Inc., 416 F. Supp. 1054, 1055 (E.D.N.Y. 1976)......................8

Fisk v. Letterman, 401 F. Supp. 2d 362, 368 (S.D.N.Y. 2005)........................................4

Fowlkes v. Ironworkers Local 40, 790 F.3d 378, 387 (2d Cir. 2015)................................3

George v. Prof'l Disposables Int'l, Inc., 221 F. Supp. 3d 428, 442 n.7 (S.D.N.Y. 2016)............4

Gore v. RBA Grp., Inc., 2009 U.S. Dist. LEXIS 130673 (S.D.N.Y. Mar. 10, 2009).................6

Guiducci v. Kohl's Dep't Stores, 320 F. Supp. 2d 35 (E.D.N.Y. 2004)..............................9

Hines v. Roc-A-Fella Recs., LLC, 2020 U.S. Dist. LEXIS 67849,
2020 WL 1888832, at *1-2 (S.D.N.Y. Apr. 16, 2020)...................................................4

Hines, 2020 U.S. Dist. LEXIS 67849, 2020 WL 1888832..............................................4

Iqbal, 556 U.S. at 678...............................................................................................5

Josey v. Filene's Inc., 187 F. Supp. 2d 9 (D. Conn. 2002).............................................7

Khan v. Khan, 360 F. App'x 202, 203 (2d Cir. 2010)..................................................................1

Klein v. Alexander's Dep't Store, 1977 U.S. Dist. LEXIS 14673
at *3-4 (S.D.N.Y. Aug. 2, 1977)..................................................................................................8

Maisonet v. Metro. Hosp. & Health Hosp. Corp., 640 F. Supp. 2d 345,
348 (S.D.N.Y. 2009)....................................................................................................................8

McCarthy, 482 F.3d at 191..........................................................................................................5

Mende v. Milestone Tech., Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003).........................4

Moher v. Stop & Shop Cos., 580 F. Supp. 723, 725-26 (D. Conn. 1984)...............................8

Newman v. Bloomingdale's, 543 F. Supp. 1029, 1032 (S.D.N.Y. 1982).................................8

Tancredi v. Metropolitan Life Ins. Co., 316 F.3d 308, 312-13 (2d Cir. 2003).......................7

Tracy v. Freshwater, 623 F.3d 90, 102 (2d Cir. 2010)................................................................3

Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006)................................3

Trombetta v. Novocin, 2020 U.S. Dist. LEXIS 219244, 2020 WL 7053301,
at *2 (S.D.N.Y. Nov. 24, 2020)...................................................................................................6

Twombly, 550 U.S. at 555.............................................................................................................5

Twombly, 550 U.S. at 555, 557....................................................................................................5

Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013)....................................................................4

## **PROCEDURAL POSTURE**

Plaintiff, ILYA FELIKSOVICH IOSILEVICH (Plaintiff) commenced this action on June 7, 2022 (Doc#2).

On July 7, 2022, the FRCP 4 Service Package was hand delivered to USM for service upon, amongst others, Walmart and Negron.

On October 12, 2022, defendant, WESTCHESTER COUNTY GOVERNMENT (Westchester County), moved to dismiss (Docs#12-14) plaintiff's complaint.

On October 17, 2022, Return of Service Unexecuted as to Negron was filed (Doc#15). The docket does not contain either an unexecuted or executed return of service with respect to Walmart.

On November 18, 2022, the Court denied Westchester County's motion without prejudice and ordered plaintiff to file an Amended Complaint by December 19, 2022 (Doc#24).

Plaintiff sought an extension of time to file (Doc#25) and an extension was granted to March 1, 2023, with the caveat that no further extensions would be granted (Doc#26).

Plaintiff failed to file his Amended Complaint by March 1, 2023, and his request for another extension was denied (Doc#28).

The original complaint is deemed the operative complaint, absent the defendants dismissed from this litigation by order dated July 6, 2022 (Doc#7).

The complaint (Doc#2) alleges (1) false arrest and malicious prosecution in violation of Amendments 4th and 14th pursuant to 42 U.S.C. §1983; (2) unlawful imprisonment under NY Penal Law §135; (3) negligent infliction of emotional distress; (4) intentional infliction of emotional distress; (5) loss of time and money for defending criminal cases[1]; (6) unjust enrichment; and (7) breach of contract.

---

[1] Presumably a claim for consequential damages that should not be asserted as a separate cause of action.

1

## FACTS

Plaintiff alleges that he was attempting to exit the Mohegan Lake Walmart store on September 1, 2020, when a Walmart employee checked his receipt and "noticed an item was not listed" (Doc#2). He responded: "Well, then scan the item and **let me pay**" (Doc#2) (emphasis added). He was taken by Walmart employee, Negron, to a security office and refused to provide his ID to Negron or sign anything (Doc#2). Plaintiff gave Negron "a choice to either call the police and sort this out, or **let me pay**"[2] (Doc#2)(emphasis added).

The police were called and plaintiff was arrested for Petit Larceny in violation of Section 155.25 of New York State's Penal Law (Doc#2, p. 27).

On March 4, 2021, the criminal complaint against plaintiff was dismissed pursuant to an Adjournment in Contemplation of Dismissal (Doc#2, p. 17). There is no allegation that plaintiff appealed.

## LEGAL STANDARDS

A. Pro Se Parties

Generally, a *pro se* plaintiff is "'entitled to special solicitude,'" and the court must "read his pleadings 'to raise the strongest arguments that they suggest.'" *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (per curiam)). However, "the appropriate degree of special solicitude is not identical with regard to all pro se litigants." *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010). The degree of solicitude required may be "lessened" where "the particular pro se litigant is experienced in litigation and familiar with the procedural setting presented." *Id.*

---

[2] Plaintiff's complaint establishes that he did, in fact, not pay for an item or items found in his possession because he stated twice: Let me pay.

2

Here, the plaintiff is apparently a graduate of law school, passed the New York Bar in February of 2022 (Ex. A), and advised the Court that he was taking the California Bar on February 21 and February 22, 2023 (Doc#25). Moreover, a search of PACER reveals the pro se plaintiff is a frequent litigant in federal court. It is plain therefore that this particular plaintiff is experienced in litigation and familiar with this procedural setting such that he should not be afforded any special solicitude on this motion.



Further, pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Maisonet v. Metro. Hosp. & Health Hosp. Corp.*, 640 F. Supp. 2d 345, 348 (S.D.N.Y. 2009). A pro se plaintiff, like any other, "must state a plausible claim for relief," *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). Moreover, the court need not accept allegations that are "contradicted by other matters asserted or relied upon or incorporated by reference by a plaintiff in drafting the complaint," *Fisk v. Letterman*, 401 F. Supp. 2d 362, 368 (S.D.N.Y. 2005), and cannot "invent factual allegations that [the plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

B.  Motion to Dismiss — Rule 12(b)(5)

When a defendant moves to dismiss for insufficient service of process pursuant to Rule 12(b)(5), "the plaintiff bears the burden of establishing that service was sufficient." *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010) (summary order); *see also Cassano v. Altshuler*, 186 F. Supp. 3d 318, 320 (S.D.N.Y. 2016); *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003). "Because a Rule 12(b)(5) motion implicates 'whether [the court] has jurisdiction,' the court 'looks to matters outside the complaint.'" *Hines v. Roc-A-Fella Recs.*, LLC, 2020 U.S. Dist. LEXIS 67849, 2020 WL 1888832, at *1-2 (S.D.N.Y. Apr. 16, 2020) (quoting *Cassano*, 186 F. Supp. 3d at 320). Moreover, "the adequacy of service of process must be resolved before any merits-based challenge to the complaint." *Hines*, 2020 U.S. Dist. LEXIS 67849, 2020 WL 1888832, at *2 (quoting *George v. Prof'l Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 442 n.7 (S.D.N.Y. 2016)) (internal quotation marks omitted); *accord Deptula v. Rosen*, 558 F. Supp. 3d 73, 2021 WL 4037709, at *7 (S.D.N.Y. Sept. 3, 2021).

C.  Motion to Dismiss — Rule 12(b)(6)

Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." If a complaint fails to present "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," the deficient claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 65 (2d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Presented with a Rule 12(b)(6) motion, the trial court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." *McCarthy*, 482 F.3d at 191. However, those factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (internal citations omitted) (quoting *Twombly*, 550 U.S. at 555, 557). The courts will not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79.

D.   This Court's Special Rules for Motion to Dismiss

This Court's Individual Rules provide that upon the filing of a motion to dismiss, the Court will ordinarily issue an order requiring the non-moving party to notify the Court whether it intends to file an amended pleading. If the non-moving party elects not to file an amended pleading, the motion will proceed in the regular course, and the Court is unlikely to grant the non-moving party a further opportunity to amend to address the purported deficiencies made apparent by the fully briefed arguments in the moving party's motion (Individual Practices of Judge Vincent L. Briccetti).

Here, the pro-se plaintiff was given "a total of four months to file an amended complaint" (Doc#26) and failed to do so. He should not be given any further opportunity to amend the operative complaint to address the deficiencies contained therein (Doc#2).

## ARGUMENT

I. <u>Defendants Walmart and Negron Were Never Served and Jurisdiction Was Not Acquired Over Them</u>

Service of process is governed by Fed. R. Civ. P. 4. Under Rule 4(a)(1), a summons must: "(A) name the court and the parties; (B) be directed to the defendant; (C) state the name and address of the plaintiff's attorney or — if unrepresented — of the plaintiff; (D) state the time within which the defendant must appear and defend; (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint; (F) be signed by the clerk; and (G) bear the court's seal." Under Rule 4(b), "[a] summons — or a copy of a summons that is addressed to multiple defendants — must be issued for each defendant to be served." *See also Trombetta v. Novocin*, 2020 U.S. Dist. LEXIS 219244, 2020 WL 7053301, at *2 (S.D.N.Y. Nov. 24, 2020) ("A separate summons must be issued for each individual defendant.").

In this case, service upon Negron was attempted, but not effected, on July 7, 2022 (Doc#15). No service was ever attempted upon Walmart and Walmart did not waive the requirement of personal service upon it by filing a Notice of Appearance. *Gore v. RBA Grp., Inc.*, 2009 U.S. Dist. LEXIS 130673 (S.D.N.Y. Mar. 10, 2009) (simply filing an appearance is insufficient to constitute waiver). Consequently, the complaint should be dismissed as against Walmart and Negron for insufficient service of process pursuant to Rule 12(b)(5).

II. <u>A Store and Its Employees Are Not State Actors Under §1983</u>

Section 1983 applies to the deprivation of rights under the color of law by state actors. It does not apply, except in special circumstances not presented by this case, to stores or their asset protection employees.

6

The Second Circuit stated in Tancredi v. Metropolitan Life Ins. Co., 316 F.3d 308, 312-13 (2d Cir. 2003), that a "plaintiff pressing a claim of violation of his constitutional rights under § 1983 is [] required to show state action," and in "order to satisfy the state action requirement where the defendant is a private entity, the allegedly unconstitutional conduct must be fairly attributable to the state" (citation and quotation marks omitted).

District courts within the Second Circuit usually reject claims that the actions of store security guards implicate state action when they detain, investigate, and swear out a complaint against suspected shoplifters. In *Josey v. Filene's Inc.*, 187 F. Supp. 2d 9 (D. Conn. 2002), a district court stated that

> Generally, the acts of private security guards, hired by a store, do not constitute state action under § 1983. Courts have held that the actions of private security guards constitutes state action in two circumstances. First, private guards may be sued when they are given the authority of state law. Second, security guards are considered to be acting under state law if they are willful participants in the joint activity of the State or its agents.

Id. at 16 (citations and quotation marks omitted). In *Josey*, such circumstances were not present, and the court dismissed an alleged shoplifter's § 1983 claim. *See id.* at 17.

Several other district courts within the Circuit agree that store security guards are not state actors when they detain suspected shoplifters. *See Capogrosso v. Alan Gelbstein*, 2022 U.S. Dist LEXIS 179456 (EDNY 2022) (a private security guard providing information to police officers who then make an arrest does not constitute action under color of state law) *adopted by, summary judgment granted by* 2022 U.S. Dist LEXIS 177712, 2022 WL 4550812 (EDNY 2022) (*Moher v. Stop & Shop Cos.*, 580 F. Supp. 723, 725-26 (D. Conn. 1984) (stating in the case of an alleged shoplifter claiming a § 1983 violation that in "the absence of any hint in her complaint ... that defendant's acts were undertaken 'under color of law,' plaintiff has her remedy in a state court for

7

the wrong allegedly done to her"); *Newman v. Bloomingdale's*, 543 F. Supp. 1029, 1032 (S.D.N.Y. 1982) (stating that a complaint that "the police, by arresting and detaining an individual accused of shoplifting solely on the complaint of store personnel … does not allege facts sufficient to make the store's conduct the 'state action' which is essential to state a claim under 42 U.S.C. § 1983"); *Klein v. Alexander's Dep't Store*, 1977 U.S. Dist. LEXIS 14673 at *3-4 (S.D.N.Y. Aug. 2, 1977) (stating that a guard's action "fails to supply the requisite state action … the complaint against the store and its employees fails to state an actionable claim under section 1983"); *Estate of Iodice v. Gimbels, Inc.*, 416 F. Supp. 1054, 1055 (E.D.N.Y. 1976) (stating that a guard's action "is not sufficient to bridge the gap between private and State action … This 'shopkeepers' privilege' is insufficient to transform defendants' conduct into acts under color of state law").

Here, plaintiff asserts that all defendants acted "under color of law" (Doc#2, p. 13), but provides no factual allegations that would allow this Court to conclude that Negron was either given the authority of state law or was a willful participant in unconstitutional activity by the state. Since there was here no participation by Walmart and Negron in an allegedly unconstitutional activity by the state, the plaintiff's 1983 cause of action for false arrest and malicious prosecution under 42 U.S.C. §1983 must be dismissed.

### III. This Court Should Not Exercise Its Supplemental Jurisdiction

Presuming that the plaintiff's §1983 claim against Walmart and Negron is dismissed pursuant to Rule 12(b)(6), it follows that this Court should not exercise its supplemental jurisdiction over the remaining state claims of unlawful imprisonment, negligent infliction of emotional distress, intentional infliction of emotional distress, breach of contract, and unjust enrichment. *Guiducci v. Kohl's Dep't Stores*, 320 F. Supp. 2d 35 (E.D.N.Y. 2004); *see also*

*Biragov v. Dreamdealers USA, LLC*, 2021 U.S. Dist LEXIS 220404 (SDNY 2021) (declining to exercise supplemental jurisdiction where federal claims were dismissed).

## CONCLUSION

For the reasons set forth above, Walmart and Negron respectfully request that the Court dismiss plaintiff's complaint in its entirety and for such other relief as this Court may deem just and proper.

Dated: Northport, New York
        March 24, 2023

Yours, etc.

BRODY, O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendants
Walmart and Negron

By: _____
PATRICIA A. O'CONNOR (PO 5645)
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778
File No.: WM 22-505 PO

TO:    Ilya Feliksovich Iosilevich
        Plaintiff Pro Se
        Via email and regular mail
        2401 Mermaid Avenue
        Brooklyn, New York 11224-2209
        iiosilevich@gmail.com

        JOHN M. NONNA
        Westchester County Attorney
        Attorney for Westchester County
        Michaelian Office Building
        148 Martine Avenue, Room 600
        White Plains, New York 10601
        stca@westchestergov.com