UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
ILYA FELIKSOVICH IOSILEVICH,                        :
                                                    :
                              Plaintiff,            :
                                                    :          **22-CV-4757 (VB)**
            - against -                             :
                                                    :
WALMART, INC., et al.,                              :
                              Defendants.           :
-------------------------------------------------------------- :
                                                    X


**MEMORANDUM OF LAW IN SUPPORT OF
STATE DEFENDANTS' MOTION TO DISMISS**

                              LETITIA JAMES
                              Attorney General of the
                              State of New York
                              <u>Attorneys for State Defendants</u>
                              28 Liberty Street
                              New York, New York 10005
                              (212) 416- 8659


ANDREW BLANCATO
Assistant Attorney General
<u>Of Counsel</u>

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ....................................................................................... iii

**PRELIMINARY STATEMENT** .................................................................................. 1

**STATEMENT OF FACTS** ........................................................................................... 2

**STANDARDS OF REVIEW** ........................................................................................ 3

**ARGUMENT** ................................................................................................................ 4

    **POINT I** ................................................................................................................ 4

    **CLAIMS AGAINST DEFENDANT REICHERTER SHOULD BE DISMISSED PURSUANT TO RULE 4(M) FOR FAILURE TO TIMELY SERVE PROCESS.** ....... 4

    **POINT II** ............................................................................................................... 6

    **PLAINTIFF FAILS TO ALLEGE A CLAIM FOR FALSE ARREST BECAUSE DEFENDANT REICHERTER HAD PROBABLE CAUSE TO ARREST PLAINTIFF.** ................................................................................................................ 6

    **POINT III** .............................................................................................................. 9

    **THE COMPLAINT FAILS TO STATE A CLAIM FOR MALICIOUS PROSECUTION.** ..................................................................................................... 9

    **POINT IV** .............................................................................................................. 10

    **DEFENDANT REICHERTER IS ENTITLED TO QUALIFIED IMMUNITY.** ......... 10

    **POINT V** ................................................................................................................ 12

    **CLAIMS OF INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS MUST BE DISMISSED.** ....................................................... 12

    **POINT VI** .............................................................................................................. 13

    **PLAINTIFF LACKS STANDING TO SEEK RELIEF FOR THE DAMAGES HIS WIFE ALLEGEDLY SUFFERED.** ............................................................................. 13

    **POINT VII** ............................................................................................................. 14

    **PLAINTIFF IS NOT ENTITLED TO INJUNCTIVE RELIEF.** ................................ 14

    **POINT VIII** ........................................................................................................... 14

    **PLAINTIFF HAS FAILED TO PLEAD FACTS DEMONSTRATING THE PERSONAL INVOLVEMENT OF DEFENDANT KEVIN BRUEN.** ......................... 14

    **POINT IX** .............................................................................................................. 15

    **THE ELEVENTH AMENDMENT BARS OFFICIAL CAPACITY DAMAGES CLAIMS.** ................................................................................................................... 15

**CONCLUSION** ............................................................................................................ 16

# TABLE OF AUTHORITIES

Page(s)

CASES

*Ashcroft v. al-Kidd*,
  563 U.S. 731 (2011)........................................................................................................11

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)......................................................................................................3, 14

*Ayers v. Coughlin*,
  780 F.2d 205 (2d Cir. 1985)............................................................................................14

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)...........................................................................................................3

*Betts v. Shearman*,
  751 F.3d 78 (2d Cir. 2014)..............................................................................................10

*Boykins v. Lopez*,
  No. 21-CV-2831, 2022 U.S. Dist. LEXIS 113140 (S.D.N.Y. June 27, 2022) ........................4

*Buonasera v. Honest Co., Inc.*,
  208 F. Supp. 3d 555 (S.D.N.Y. 2016)..............................................................................13

*Burda Media, Inc. v. Viertel*,
  417 F.3d 292 (2d Cir. 2005)..............................................................................................5

*Cameron v. City of N.Y.*,
  598 F.3d 50 (2d Cir. 2010)................................................................................................9

*Casey v. Odwalla, Inc.*,
  338 F. Supp. 3d 284 (S.D.N.Y. 2018)................................................................................3

*Darden v. DaimlerChrysler N. Am. Holding Corp.*,
  191 F. Supp. 2d 382 (S.D.N.Y. 2002)................................................................................5

*Escalera v. Lunn*,
  361 F.3d 737 (2d Cir. 2004)..............................................................................................6

*Farid v. Smith*,
    850 F.2d 917 (2d Cir. 1988)......................................................................................15

*Hayden v. Paterson*,
    594 F.3d 150 (2d Cir. 2010)......................................................................................3

*Jiang v. Corpuz*,
    19-CV-5664, 2020 U.S. Dist. LEXIS 167057 (E.D.N.Y. Sept. 13, 2020) ..............9

*Krause v. Bennett*,
    887 F.2d 362 (2d Cir. 1989).......................................................................................6

*Kwon v. Yun*,
    No. 05-cv-1142, 2006 WL 416375 (S.D.N.Y. Feb. 21, 2006) .................................5

*Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*,
    969 F.2d 1384 (2d Cir. 1992).....................................................................................4

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992).................................................................................................13

*Mitchell v. Victoria Home*,
    434 F. Supp. 2d 219 (S.D.N.Y. 2006).......................................................................9

*Naccarato v. Scarselli*,
    124 F. Supp.2d 36 (N.D.N.Y. 2000) ................................................................. 11-12

*Omni Capital Int'l, Inc. v. Rudolf Wolff & Co.*,
    484 U.S. 97 (1987)....................................................................................................4

*Panetta v Crowley*,
    460 F. 3d 388 (2d Cir. 2006).....................................................................................8

*Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v.*
    *Morgan Stanley Inv. Mgmt. Inc.*,
    712 F.3d 705 (2d Cir. 2013)......................................................................................3

*Pittman v. Edwards*,
    5:20-CV-319, 2020 U.S. Dist. LEXIS 109467 (E.D.N.Y. June 22, 2020)...............9

*Robison v. Via*,
    821 F.2d 913 (2d Cir. 1987).....................................................................................11

*Rohman v. New York City Transit Auth.*,
    215 F.3d 208 (2d Cir.2000).......................................................................................9

*Sheri Torah, Inc. v. Vill. of S. Blooming Grove*,
    10 Civ. 3762, 2013 WL 1454953 (S.D.N.Y. Mar. 28, 2013) ..................................3

*Singer v. Fulton Cnty. Sheriff,*
   63 F. 3d 110 (2d Cir. 1995)..................................................................7

*Tangreti v. Bachmann,*
   983 F.3d 609 (2d Cir. 2020)...............................................................14

*Warr v. Liberatore,*
   270 F. Supp. 3d 637 (W.D.N.Y. 2017) ...............................................11

*White v. Pauly,*
   580 U.S. 73 (2017)..............................................................................10

*Wright v. Smith,*
   21 F.3d 496 (2d Cir. 1994)..................................................................14

*Zapata v. City of New York,*
   502 F.3d 192 (2d Cir. 2007).................................................................5

CONSTITUTIONS

ELEVENTH AMENDMENT..................................................................15

STATE STATUTES

N.Y. Penal Law
   § 155.25................................................................................................8

FEDERAL STATUTES

42 U.S.C. § 1983 ............................................................... 1, 6, 14-15

RULES

Federal Rule of Civil Procedure 4(c)(1) ...............................................5

Federal Rule of Civil Procedure 12(b)(6) .............................................3

RULE 4(M)........................................................................................ 4-5

Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ........................................1, 3

# PRELIMINARY STATEMENT

Defendants Kevin Bruen and John T. Reicherter ("State Defendants"), by their attorney, Letitia James, Attorney General of the State of New York, respectfully submit this memorandum of law in support of their motion, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Complaint filed June 7, 2022 (ECF Doc. No. 2).

Plaintiff Ilya Feliksovich Iosilevich ("Plaintiff") filed the pro se Complaint ("Complaint" or "Compl.") alleging several causes of action stemming from his arrest for petit larceny on September 1, 2020 against several defendants including Walmart Inc., Joseph Negron, Westchester County, and the State Defendants.[1] See generally, Complaint. Specifically, Plaintiff's complaint alleges seven causes of action against the State Defendants: (i) false arrest pursuant to 42 U.S.C. § 1983; (ii) malicious prosecution pursuant to 42 U.S.C. § 1983; (iii) unlawful imprisonment; (iv) negligent infliction of emotional distress; (v) intentional infliction of emotional distress, (vi) unjust enrichment and breach of contract; and (vii) injunctive relief against the State of New York.

Plaintiff fails to plead sufficient facts to demonstrate that any of his claims are facially plausible. Instead, Plaintiff merely relies on conclusionary allegations. Importantly, Plaintiff fails to allege the personal involvement of Defendant Bruen, and has not alleged any viable theory of supervisory liability. Moreover, with regard to Defendant Reicherter, even accepting Plaintiff's Complaint as true, his claims for false arrest and malicious prosecution fail as a matter of law because Plaintiff acknowledges that the victim, a purported eyewitness to the crime, provided a sworn statement to Defendant Reicherter. As a result, Defendant Reicherter possessed probable

---

[1] Plaintiff filed this instant Complaint against several additional parties but failed to timely supplement this pleading with additional information. As a result, this Court dismissed all defendants from this case on March 9, 2023 except for Walmart, Inc., Joseph Negron, Westchester County, and the State Defendants. See ECF Doc. No. 28.

cause and, at the very least, is entitled to qualified immunity. Consequently, Plaintiff's claims against the State Defendants should be dismissed in their entirety and with prejudice.

<u>**STATEMENT OF FACTS**</u>

Plaintiff alleges that, on September 1, 2020, he and his wife had just finished shopping at the Mohegan Lake Walmart self-checkout when a Walmart employee inspected Plaintiff's receipt and noticed there was an item in Plaintiff's possession that did not appear on the receipt. <u>See</u> Compl. pp. 26–27.[2] Plaintiff responded for the employee to "scan the item and let me pay." <u>Id.</u> at 27. Thereafter, a security guard for Walmart, Joseph Negron, brought Plaintiff and his wife to a separate register, while Defendant Negron went into the security office. <u>Id.</u> Plaintiff claims while Defendant Negron was in the security office, an "unknown" Walmart associate placed items from his cart into Plaintiff's cart, causing confusion. <u>Id.</u> Immediately thereafter, Plaintiff was asked by a store manager to go into the security office. <u>Id.</u> Once inside the security office, Plaintiff refused to provide identification to Defendant Negron and refused to sign anything. <u>Id.</u> Plaintiff told Defendant Negron to let him pay or to "call the police." <u>Id.</u> According to Plaintiff, Defendant Negron called the police, and Defendant Reicherter, a New York State Trooper, arrived at the store. <u>Id.</u> Defendant Negron informed Defendant Reicherter that he witnessed Plaintiff and his wife place several items into their cart and fail to pay for the items, then proceed to exit the store. <u>See</u> Declaration of Andrew Blancato, **Ex. A**–Criminal Complaint with Negron supporting Deposition. Plaintiff was subsequently arrested for shoplifting. Compl. at 28. On March 4, 2021, Plaintiff's criminal matter was disposed of through an Adjournment in Contemplation of Dismissal ("ACD"). <u>Id.</u>

---

[2] Unless otherwise indicated, all Complaint page numbers will refer to PDF pagination rather than those applied directly to Plaintiff's documents.

## STANDARDS OF REVIEW

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Courts follow a "two pronged approach" to determine plausibility. Iqbal, 556 U.S. at 678. "First, although a complaint need not include detailed factual allegations, it must provide 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc., 712 F.3d 705, 717 (2d Cir. 2013) (quoting Iqbal, 556 U.S. at 678). Conclusory allegations are not entitled to the assumption of truth in a complaint sufficiency analysis. See Iqbal, 556 U.S. at 678-79. Second, "a court should determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010) (quoting Iqbal, 556 U.S. at 679).

"The standard for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is 'substantively identical' to that governing Rule 12(b)(6), except the plaintiff bears the burden of establishing jurisdiction in a 12(b)(1) motion." Sheri Torah, Inc. v. Vill. of S. Blooming Grove, 2013 WL 1454953, at *5 (S.D.N.Y. Mar. 28, 2013) (citing Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005); Lerner v. Fleet Bank, N.A., 318 F.3d 113, 128 (2d Cir. 2003)).

In considering a Rule 12(b)(6) motion, in addition to the Complaint, the Court may

consider: (i) exhibits attached to the complaint; (ii) statements or documents incorporated by reference; (iii) matters of which the Court may take judicial notice; and (iv) documents which are integral to plaintiff's claims. See Kalyanaram v. Am. Ass'n of Univ. Professors, 742 F.3d 42, 44 n.1 (2d Cir. 2014), cert. denied, 135 S. Ct. 677 (2014); Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) ("Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint.") (internal quotations omitted). Courts within the Second Circuit "routinely take judicial of criminal complaints, indictments, and other charging instruments." Boykins v. Lopez, No. 21-CV-2831 (KMK), 2022 WL 2307684 at *4–5, (S.D.N.Y. June 27, 2022) (citing Griffith v. Clarkstown Police Dep't, No. 20-CV-6505 (PMH), 2022 WL 1213452, at *2 n.3 (S.D.N.Y. Apr. 25, 2022); see also, Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1389 (2d Cir. 1992) (approving of the court having previously taken judicial notice of several indictments). State Defendants here rely on the criminal complaint from plaintiff's arrest, to which is attached the sworn statement of Defendant Negron. This document is one of which the Court may take judicial notice because it is part of the criminal court record in plaintiff's prosecution, it is integral to plaintiff's claims, and the document is incorporated by reference into the Complaint.

## **ARGUMENT**

### **POINT I**
### **CLAIMS AGAINST DEFENDANT REICHERTER SHOULD BE DISMISSED PURSUANT TO RULE 4(M) FOR FAILURE TO TIMELY SERVE PROCESS.**

"Before a federal court may exercise jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital Int'l, Inc. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). In this matter, Plaintiff filed his Complaint on June 7, 2022 (ECF

Doc. No. 2) and Summonses addressed to the named defendants were issued on July 7, 2022 (ECF Doc. No. 8). A Marshal's process receipt was returned unexecuted on October 17, 2022, indicating that service was attempted on Defendant Reicherter on October 6, 2022. ECF Doc. No. 17. On October 20, 2022, the Court ordered the undersigned to provide an updated address where Defendant Reicherter could be served by November 21, 2022, and further ordered Plaintiff to complete service by January 19, 2023. ECF Doc. No. 18. The undersigned provided a new address where Defendant Reicherter could be served on November 9, 2022. 138 days have passed since November 9, 2022, and to date, Defendant Reicherter has not been served at this address or anywhere else.

Federal Rule of Civil Procedure 4(c)(1) requires that "a summons must be served with a copy of the complaint." Service must be completed within 90 days of the filing of the complaint. Fed. R. Civ. P. 4(m). The "plaintiff bears the burden of proving adequate service." Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005) (citation omitted). The plaintiff must, "through specific factual allegations and any supporting materials, make a prima facia showing that service was proper." Kwon v. Yun, No. 05-cv-1142, 2006 WL 416375, at *2 (S.D.N.Y. Feb. 21, 2006). The court may "look to matters outside the complaint to determine whether it has jurisdiction." Darden v. DaimlerChrysler N. Am. Holding Corp., 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002).

Under Rule 4(m), if a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Fed. R. Civ. P. 4(m). But, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Id.

To date, no good cause has been shown as to why the service deadline should be extended. While the Court has discretion to grant an extension of the time to serve even absent good cause, Plaintiff has provided no basis for the Court to do so. See Zapata v. City of New York, 502 F.3d 192, 197–199 (2d Cir. 2007) (affirming District Court's Rule 4(m) dismissal where plaintiff "made no effort to effect service within the service period, neglected to ask for an extension within a reasonable period of time, and has advanced no cognizable excuse for the delay").

Because Plaintiff has not served Defendant Reicherter in the 263 days since the summonses were originally issued, nor has he been served in the 138 days since his updated address was provided, and further because Plaintiff has not sought an extension of time in which to serve Defendant Reicherter nor made a showing of good cause for the delay, this Court should dismiss the action against Defendant Reicherter.

## POINT II
### PLAINTIFF FAILS TO ALLEGE A CLAIM FOR FALSE ARREST BECAUSE DEFENDANT REICHERTER HAD PROBABLE CAUSE TO ARREST PLAINTIFF.

To state a claim for false arrest under 42 U.S.C. § 1983, a plaintiff must allege that 'the defendant intentionally confined him without his consent and without justification.'" Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004) (quoting Weyant, 101 F.3d 845 at 852, (2d Cir. 1996)). An allegation of false arrest under § 1983 is "substantially the same as a claim for false arrest under New York law." Weyant, 101 F.3d at 852. Likewise, stating a claim for false imprisonment under § 1983 is similar in that a plaintiff must also show that they were confined without justification. Id., at 854 (citing Broughton v. State, 37 N.Y. 2d 451 at 456 (1975)). A finding of probable cause is a complete defense to false arrest and false imprisonment claims.

An arresting officer has probable cause when the officer has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of

reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Weyant, 101 F.3d at 852. "Once officers possess facts sufficient to establish probable cause, they are neither required nor allowed to sit as prosecutor, judge, or jury," as "[t]here function is to apprehend those suspected of wrongdoing, and not finally determine guilt through a weighing of the evidence." Krause v. Bennett, 887 F.2d 362, 372 (2d Cir. 1989). An arresting officer has probable cause when "advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with the crime . . . absent circumstances that raise doubts as to the victim's veracity." Singer v. Fulton Cnty. Sheriff, 63 F. 3d 110, 119 (2d Cir. 1995) (granting dismissal to Sherriff's office who arrested plaintiff on petit larceny charge after store clerk with personal knowledge signed supporting deposition of arresting officer's complaint).

The allegations in Plaintiff's Complaint fail to make out a cause of action for false arrest. Plaintiff claims he was arrested but does fails to plead sufficient facts demonstrating that the arrest was unjustified. See Compl., pp. 27 – 30. In fact, the context provided by Plaintiff suggests there was probable cause to arrest Plaintiff for petit larceny as he admits he was in possession of an item that he did not pay for when a Walmart assoiciate reviewed his receipt. See Compl., p. 27 ("[a]t the exit door, some African American woman was checking my receipt. She noticed an item was not listed, I said to her, "well then scan the item and let me pay"). Therefore, even if this Court were to constrain its review of this Motion based solely on the allegations within Plaintiff's Complaint, probable cause to arrest Plaintiff exists.

Furthermore, Plaintiff was arrested for petit larceny based on the personal observations by store manager and Joseph Negron. The supporting deposition of Defendant Negron, which was annexed to the criminal complaint, (attached to the Declaration of Andrew Blancato as **Exhibit A**) provides that Defendant Negron:

observed an unknown male and female suspect's [sic], later identified as Ilya F. Iosilevich and Oskana Kovtun, in the Shoe department at which time I observed them selecting a pair of women's boots, women's memory shoes and a pair of kid's shoes, placing them into the shopping cart. Suspects then headed to the Men's apparel selecting a pair of jogging pants and a shirt, placing them into the cart. Suspects then continued to the Women's department selecting a rain jacket and a pair of pants, placing them into the cart. Suspects then headed to the Toy department where they selected a Lego toy set placing them into the cart. Suspects then headed to the Food department where they selected a bag of chips, peanuts, a box of coffee, and 3 bottles of polar water placing them into the cart. Suspects then headed to the front of the store, where they used self-checkout to make the purchase of other items while skip-scanning the rest of the merchandise, placing it into plastic bags. Female suspect was wearing the raincoat, failing to pay for it. Suspects were trying to exit out the GM exit door, passing all points of sale failing to pay for concealed merchandise . . . the receipt was totaled for all the unpaid merchandise. NYS police were called due to no I.D. Upon arrival of NYS police, total amount of unpaid merchandise was valued at $152.93. In adherence with Walmart policy, Walmart would like to press charges against suspects.

See Blancato Decl., **Ex. A**, Negron Decl.

Defendant Negron's observations of the actions taken by Plaintiff and his wife fit squarely within the New York Penal Code for petit larceny, which simply provides "a person is guilty of petit larceny when he steals property." N.Y. Penal Law § 155.25. Upon receiving this description from Defendant Negron, a Walmart employee, Defendant Reicherter had probable cause to arrest. See Panetta v Crowley, 460 F. 3d 388, 395 (2d Cir. 2006) ("it is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness") (quoting Martinez v. Simonetti, 202 F. 3d 625, 634 (2d Cir. 2000)).

Accordingly, Plaintiff's false arrest cause of action should be dismissed as Defendant Reicherter had probable cause to arrest Plaintiff for petit larceny based upon the statement of a

putative eyewitness and victim with personal knowledge, who further signed the supporting deposition of the arresting officer's complaint.

## POINT III
## THE COMPLAINT FAILS TO STATE A CLAIM FOR MALICIOUS PROSECUTION.

Plaintiff's Complaint fails to plead with particularity the facts which support a claim of malicious prosecution. The elements of a malicious prosecution claim are (1) that the defendant initiated a prosecution against the plaintiff, (2) that the defendant lacked probable cause to believe the proceeding could succeed, (3) that the defendant acted with malice, and (4) that the prosecution was terminated in the plaintiff's favor. Cameron v. City of N.Y., 598 F.3d 50, 63 (2d Cir. 2010). Plaintiff fails to plead the elements above. While Plaintiff pleads facts suggesting he was prosecuted for the petit larceny, he neither pleads that the prosecution was initiated by State Defendants, nor does he plead that the proceeding lacked probable cause, or that State Defendants acted with malice. See Compl., pp. 27–29. Failing to plead these allegations is fatal to a claim of malicious prosecution. See Jiang v. Corpuz, 19-CV-5664 (RPK), 2020 WL 5517237at *4–5 (E.D.N.Y. Sept. 13, 2020) (dismissing malicious prosecution claim for failure to allege that defendants either initiated prosecution or acted with malice). For these reasons, Plaintiff's claim of malicious prosecution must be dismissed for failure to state a claim.

Plaintiff's claim for malicious prosecution must also be dismissed because State Defendants did not initiate the prosecution of Plaintiff. There is a rebuttable presumption that criminal proceedings are initiated by prosecutors, not arresting officers. See Mitchell v. Victoria Home, 434 F. Supp. 2d 219, 228 (S.D.N.Y. 2006) (citation omitted). This presumption is typically only overcome with an allegation that that "involve officers provided knowingly false and/or fabricated evidence to unwitting prosecutors." See Pittman v. Edwards, 5:20-CV-319 (GLS)(ATB), 2020 WL 4194479 at * 5 (E.D.N.Y. June 22, 2020), report and recommendation

adopted, 2020 WL 4192547 (N.D.N.Y. July 21, 2020). Where the grounds for a prosecution are provided directly from a supporting witness, prosecutors, rather than arresting officers, are deemed to initiate the prosecution. See Rohman v. New York City Transit Auth., 215 F.3d 208, 217 (2d Cir.2000) ("[o]ne who does no more than disclose to a prosecutor all material information within his knowledge is not deemed to be the initiator of the proceeding").

Here, Plaintiff does not claim Defendant Reicherter provided a knowingly false statement to prosecutors, nor does he provide any other fact suggesting he initiated the subject prosecution. See Compl. generally. Absent such evidence and considering the criminal complaint solely references the supporting deposition of Joseph Negron, it cannot be said that Defendant Reicherter initiated Plaintiff's prosecution and therefore the claim of malicious prosecution should be dismissed for this reason.

Plaintiff's claim for malicious prosecution must also be dismissed because probable cause is fatal to a claim of malicious prosecution. Betts v. Shearman, 751 F.3d 78, 82 (2d Cir. 2014) (internal citations omitted). For the reasons stated supra, Defendant Reicherter had probable cause to believe that Plaintiff committed the crime of petit larceny. As previously indicated, Defendant Reicherter was provided information that Plaintiff committed the crime of petit larceny from the personal observations of Defendant Negron. Defendant Reicherter, therefore, had probable cause to arrest for the crime of petit larceny, and therefore Plaintiff's claim of malicious prosecution should be dismissed.

## POINT IV
## DEFENDANT REICHERTER IS ENTITLED TO QUALIFIED IMMUNITY.

To the extent Plaintiff has made out a claim for false arrest or malicious prosecution against Defendant Reicherter, these claims should still be dismissed as Defendant Reicherter is entitled to qualified immunity. Government officials are entitled to qualified immunity when either (1) the

"official's conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known,'" or (2) it was objectively reasonable for the official to believe that their acts did not violate these clearly established rights.  White v. Pauly, 580 U.S. 73, 77 (2017). "[C]onduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right."  Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011) (citation and internal quotation marks omitted).  The Supreme Court instructs "not to define clearly established law at a high level of generality."  Id. at 742.  Qualified immunity is also available if, notwithstanding the clear delineation of the rights, "it was objectively reasonable for [an official] to believe that his acts did not violate those rights."  Robison v. Via, 821 F.2d 913, 921 (2d Cir. 1987).

Here, Defendant Reicherter's behavior did not violate clearly established statutory or constitutional rights.  The only actions alleged to have been taken by Defendant Reicherter in this matter are the actions of arresting Plaintiff for shoplifting.  See Compl. generally.  As previously indicated, Defendant Reicherter's arrest was based on probable cause: the personal observations of a store employee in Defendant Negron.  See supra, Point I–II. Even if the representations of Defendant Negron somehow provided Defendant Reicherter with only arguable probable cause to arrest, Defendant Reicherter did nothing to clearly violate established statutory or constitutional rights.  Accordingly, Defendant Reicherter is entitled to qualified immunity and all claims against him should be dismissed.

## POINT V
### CLAIMS OF INTENTIONAL AND NEGLIGENT INFLICTION OF
### EMOTIONAL DISTRESS MUST BE DISMISSED.

Under New York law, intentional infliction of emotional distress requires a showing of: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress. Warr v. Liberatore, 270 F. Supp. 3d 637, 654 (W.D.N.Y. 2017) (citing Howell v. N.Y. Post Co., Inc., 81 N.Y.2d 115, 121 (1993)); see Naccarato v. Scarselli, 124 F. Supp.2d 36, 44 (N.D.N.Y. 2000) ("In New York, intentional infliction of emotional distress is a theory of recovery that is to be invoked only as a last resort, when traditional tort remedies are unavailable. Accordingly, [n]o intentional infliction of emotional distress claim will lie where the conduct underlying the claim falls within the ambit of traditional tort liability.") (internal citations and quotations omitted). Here, Plaintiff fails to plead with particularity the extreme and outrageous conduct required to bring the claim of intentional infliction of emotional distress. Further, because the traditional torts of false arrest and malicious prosecution would encompass the conduct of Defendant Reicherter, Plaintiff's claim for intentional infliction of emotional distress must be dismissed.

Plaintiff's negligent infliction of emotional distress must also be dismissed. When a plaintiff brings which are premised upon a defendant's allegedly intentional conduct, "a negligence claim with respect to the same conduct will not lie." Naccarato, 124 F. Supp. 2d at 45 (citing Mazurkiewicz v. New York City Transit Auth., 810 F. Supp. 563, 570-71 (S.D.N.Y. 1993) ("plaintiff cannot argue that defendants engaged in intentional conduct that forms the basis of an assault and § 1983 excessive force claim and also argue that defendants were negligent towards plaintiff")). The weakness of Plaintiff's false arrest claim notwithstanding, Plaintiff cannot allege

tortious negligent conduct against Defendant Reicherter and intentional conduct simultaneously. Accordingly, Plaintiff's claim for negligent infliction of emotional distress must also be dismissed even if Plaintiff's claim for false arrest–an act of intentional conduct under § 1983–is also dismissed.

### POINT VI
### PLAINTIFF LACKS STANDING TO SEEK RELIEF FOR THE DAMAGES HIS WIFE ALLEGEDLY SUFFERED.

Plaintiff's claims purportedly asserted on behalf of his wife must be dismissed as she is not a party to this action and, therefore, Plaintiff has no standing to seek redress for her alleged injuries. To establish standing in federal court, a plaintiff must "demonstrate that he or she has suffered an injury." Buonasera v. Honest Co., Inc., 208 F. Supp. 3d 555, 560 (S.D.N.Y. 2016); see also, Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (Article III standing requires that a party "suffered an injury in fact . . . fairly trace[able] to the challenged action of the defendant").

In his Complaint, Plaintiff provides that his wife, Oksana Kovtun, was arrested with him on September 1, 2020, and seeks several forms of relief on his wife's behalf, including money damages and injunctive relief in the form of expunging his wife's arrest record. See Compl., p. 28 –29. Plaintiff's wife, however, appears in neither the caption of Plaintiff's case nor is she referenced in the "plaintiff information" section of the complaint. Id., p. 17. Since the only reasonable analysis of Plaintiff's complaint is that he, Ilya Iosilevich, is the sole plaintiff in the complaint, standing is only conferred for injuries he suffered. Accordingly, all claims pursued by Plaintiff on behalf of Ms. Kovtun must be dismissed.

## POINT VII
## PLAINTIFF IS NOT ENTITLED TO INJUNCTIVE RELIEF.

In addition to seeking money damages for the alleged injuries he suffered as a result of his arrest on September 1, 2020, Plaintiff also seeks injunctive relief in the form of having his arrest "expunged" from his criminal record.  See Compl., p. 29.  Plaintiff pleads that this claim is sought "from New York State only." Id.  Considering the State of New York was dismissed as a party by this Court on July 6, 2022 (ECF Doc. No. 7), this cause of action should be dismissed, as is not a remedy that can be provided by either of the State Defendants.

## POINT VIII
## PLAINTIFF HAS FAILED TO PLEAD FACTS DEMONSTRATING THE PERSONAL INVOLVEMENT OF DEFENDANT KEVIN BRUEN.

Plaintiff fails to plead facts sufficient to demonstrate the personal involvement of the former Superintendent of the New York State Police, Kevin Bruen, in this matter.  "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'"  Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).  Personal involvement "requires a showing of more than the linkage in the prison chain of command; the doctrine of respondeat superior does not apply." Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985).  "[T]here is no special rule for supervisory liability.  Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" Tangreti v. Bachmann, 983 F.3d 609, 618 (2d Cir. 2020) (quoting Iqbal, 556 U.S. at 678).

Here, Plaintiff identifies Mr. Bruen as a defendant to this action in his Complaint under the section entitled "Defendant Information."  See Compl., p. 20.  No other information is provided anywhere in Plaintiff's Complaint as to why Bruen has been named as a defendant in this matter. See id. generally.  By identifying Mr. Bruen as "superintendent of New York State Police,"

Plaintiff likely intended to involve him in this case through a theory of supervisory liability. However, as indicated, this is impermissible absent facts demonstrating his personal involvement. Iqbal, 556 U.S. at 676 ("[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior"). Accordingly, Plaintiff's claims against Defendant Bruen should be dismissed.

**POINT IX**
**THE ELEVENTH AMENDMENT BARS OFFICIAL CAPACITY DAMAGES CLAIMS.**

Plaintiff has sued the State Defendants in both their personal and official capacities. See Comp., p. 20. Suing individual State defendants for damages in their official capacities pursuant to 42 U.S. § 1983 is barred by the Eleventh Amendment. See Seminole Tribe of Florida, 517 U.S. 44 (1996); Farid v. Smith, 850 F.2d 917, 921 (2d Cir. 1988). Plaintiff's damages claims against State Defendants in their official capacities should therefore be dismissed.

## **CONCLUSION**

For the foregoing reasons, the State Defendants respectfully request the Court grant their

Motion to in its entirety and dismiss the Complaint and action.

Dated: New York, New York
      March 27, 2023

                                    LETITIA JAMES
                                    Attorney General of the
                                    State of New York
                                    <u>Attorneys for State Defendants</u>
                                    By:

                                    <u>  /s/ Andrew Blancato          </u>
                                    Andrew Blancato
                                    Assistant Attorney General
                                    28 Liberty Street
                                    New York, New York 10005
                                    (212) 416- 8659
                                    Andrew.Blancato@ag.ny.gov