UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ILYA FELIKSOVICH IOSILEVICH,          :

                Plaintiff,           :   **NOTICE TO PRO SE LITIGANT WHO OPPOSES A RULE 12 MOTION SUPPORTED BY MATTERS OUTSIDE OF THE PLEADINGS**

    -against-                                      :

                                    :

WALMART, INC., et al.,                       :   **22-CV-4757 (VB)**

              Defendants.          :
------------------------------------------------------X

       **PLEASE TAKE NOTICE** that, pursuant to Rule 12.1 of the Local Civil Rules of the United States District Court for the Southern District of New York, defendants Kevin Bruen and John T. Reicherter ("State Defendants"), by their attorney, LETITIA JAMES, Attorney General of the State of New York, hereby advise plaintiff as follows:

       The State Defendants have moved to dismiss or for judgment on the pleadings pursuant to Rule 12(b) or 12(c) of the Federal Rules of Civil Procedure and have submitted additional written materials. This means that the State Defendants have asked the Court to decide this case without a trial, based on these written materials. You are warned that the Court may treat this motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. For this reason, THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION by filing your sworn affidavits or other papers as required by Rule 56(e). An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial. The full text of Rule 56 of the Federal Rules of Civil Procedure is attached as **Exhibit A**.

In short, Rule 56 provides that you may NOT oppose summary judgment simply by relying upon the allegations in your complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the State Defendants and raising material issues of fact for trial. Any witness statements must be in the form of affidavits. You may submit your own affidavit and/or affidavits of others. You may submit affidavits that were prepared specifically in response to the State Defendants' motion.

If you do not respond to the motion on time with affidavits or documentary evidence contradicting the material facts asserted by the State Defendants, the Court may accept the factual assertions of the State Defendants as true. Judgment may then be entered in the favor of the State Defendants without a trial.

If you have any questions, you may direct them to the Pro Se Office.

Dated: New York, New York
March 27, 2023

                                              LETITIA JAMES
State of New York
Attorneys for State Defendants
By:

/s/ Andrew Blancato
Andrew Blancato
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416- 8659
Andrew.Blancato@ag.ny.gov

TO:   **VIA ECF, E-Mail and US MAIL**
Ilya Feliksovich Iosilevich
2401 Mermaid Avenue
Brooklyn, NY 11224-2209
347 254 9395
Email: iiosilevich@gmail.com
PRO SE

# Rule 56. Summary Judgment

## Primary tabs

(a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(b) Time to File a Motion. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

(c) Procedures.

   (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

      (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

      (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

   (2) *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

   (3) *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

   (4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

   (1) defer considering the motion or deny it;

    (2) allow time to obtain affidavits or declarations or to take discovery; or

    (3) issue any other appropriate order.

(e) FAILING TO PROPERLY SUPPORT OR ADDRESS A FACT. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

    (1) give an opportunity to properly support or address the fact;

    (2) consider the fact undisputed for purposes of the motion;

    (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or

    (4) issue any other appropriate order.

(f) JUDGMENT INDEPENDENT OF THE MOTION. After giving notice and a reasonable time to respond, the court may:

    (1) grant summary judgment for a nonmovant;

    (2) grant the motion on grounds not raised by a party; or

    (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

(g) FAILING TO GRANT ALL THE REQUESTED RELIEF. If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case.

(h) AFFIDAVIT OR DECLARATION SUBMITTED IN BAD FAITH. If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court — after notice and a reasonable time to respond — may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 2007, eff. Dec. 1, 2007; Mar. 26, 2009, eff. Dec. 1, 2009; Apr. 28, 2010, eff. Dec. 1, 2010.)