UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ILYA FELIKSOVICH IOSILEVICH,
        Plaintiff,

v.

WALMART, INC., et al.,
        Defendants.
----------------------------------------------------------------x

**ORDER**

22 CV 4757 (VB)

3/30/23

    Plaintiff, proceeding pro se and in forma pauperis, brings claims under 42 U.S.C. § 1983 and state law against defendants Walmart, Inc, Joseph Negron, Kevin P. Bruen, John T. Reicherter, and Westchester County. (Doc. #2).

    Because plaintiff has been granted permission to proceed in forma pauperis, he is entitled to rely on the U.S. Marshals Service (the "Marshals") to effect service. See Meilleur v. Strong, 682 F.3d 56, 61 (2d Cir. 2012). Accordingly, on July 6, 2022, the Court entered an Order of Service directing the Marshals to serve process on defendants. (Doc. #7 at 6). However, the Court advised plaintiff that, if the Marshals have not served defendants by the Court-ordered deadline, plaintiff should request an extension of time for service. (Id. at 6–7 (citing Meilleur v. Strong, 682 F.3d at 63)).

    On October 19, 2022, the Court entered an Order directing the Office of the New York Attorney General ("NYAG") to provide an address where defendant Reicherter may be served and extended plaintiff's time to serve to January 19, 2023. (Doc. #18).

    By letter dated November 9, 2022, Assistant Attorney General Andrew Blancato advised plaintiff and the Court that "Defendant Reicherter may be served at the Cortlandt Station location for the New York State Troopers, located at 1 Memorial Drive, Croton on Hudson, NY 10520." (Doc. #19). The next day, the Court entered an Order directing the Marshals to effect service on Reicherter at that address. (Doc. #20).

    On March 28, 2023, the Marshals docketed a Return of Service Unexecuted form as to defendant Reicherter, indicating that service was attempted on January 4, 2023, at the address provided by Mr. Blancato, but "Defendant no longer works at location." (Doc. #43).

    To date, there is no indication on the docket that the Marshals have served defendant Reicherter, nor has plaintiff requested an extension of his time for service. Furthermore, it does not appear that plaintiff made any effort to verify the status of service, before or after the January 19, 2023, deadline.

    On March 27, 2023, the day before the Return of Service Unexecuted form was docketed, defendant Reicherter, represented by Mr. Blancato, moved to dismiss the complaint on several grounds, including that "Plaintiff's claims should be dismissed pursuant to Rule 4(m) for failure

to timely serve Defendant Reicherter." (Doc. #37). The memorandum of law submitted by Mr. Blancato argues for dismissal under Rule 4(m) because "to date, Defendant Reicherter has not been served at [the address provided by Mr. Blancato] or anywhere else" (Doc. #39 at 5), but contains no indication that Reicherter no longer works at that location.

Accordingly, it is HEREBY ORDERED:

1. By April 6, 2023, Mr. Blancato shall provide an updated address where defendant Reicherter may be served. Given that Mr. Blancato has already filed a motion to dismiss on Reicherter's behalf, and in the interest of efficient case management, Mr. Blancato's submission shall also state whether the NYAG is willing to accept service on behalf of Reicherter.

2. In light of the Marshals' inability to serve defendant Reicherter at the address previously provided by Mr. Blancato, as well as the delay in docketing the Return of Service Unexecuted form, plaintiff's time to serve under Rule 4(m) is extended nunc pro tunc to May 30, 2023. However, the Court reminds plaintiff that it is plaintiff's responsibility to request an extension of time for service if it appears that the complaint will not be timely served. **To be clear, there will be no more sua sponte extensions of the service deadline.**

3. The Clerk is instructed to terminate Mr. Blancato as counsel for defendant Negron, and add Mr. Blancato as counsel for defendant Reicherter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purposes of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: March 30, 2023
       White Plains, NY

SO ORDERED:

*[signature]*

Vincent L. Briccetti
United States District Judge