UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ILYA FELIKSOVICH IOSILEVICH,     :
               Plaintiff,       :
                       :
v.                            :           **OPINION AND ORDER**
                       :
WALMART INC., JOSEPH NEGRON, KEVIN  :      22 CV 4757 (VB)
P. BRUEN, JOHN T. REICHERTER, and   :
WESTCHESTER COUNTY GOVERNMENT,  :
              Defendants.    :
--------------------------------------------------------------x

Briccetti, J.:

      Plaintiff Ilya Feliksovich Iosilevich, proceeding <u>pro se</u> and <u>in forma pauperis</u> ("IFP"),

brings this action against Walmart Inc. ("Walmart") and Walmart employee Joseph Negron

(together, the "Walmart Defendants"); New York State Police ("NYSP") Superintendent Kevin

Bruen and NYSP Trooper John Reicherter (together, the "State Defendants"); and the

Westchester County Government (the "County").  Plaintiff brings claims pursuant to 42 U.S.C. §

1983 for false arrest and malicious prosecution in violation of his Fourth and Fourteenth

Amendment rights, and state law claims for unlawful imprisonment, negligent infliction of

emotional distress ("NIED"), intentional infliction of emotional distress ("IIED"), breach of

contract, and unjust enrichment.

      Now pending is the Walmart Defendants' motion to dismiss the complaint pursuant to

Rules 12(b)(5) and 12(b)(6) (Doc. #31), the State Defendants' motion to dismiss the complaint

pursuant to Rule 12(b)(1) and 12(b)(6)[1] (Doc. #37), and the County's motion to dismiss the

complaint pursuant to Rule 12(b)(6) (Doc. #33).

---

[1]     State Defendants originally moved for dismissal under Rules 12(b)(5) and 12(b)(6) but
withdrew their Rule 12(b)(5) arguments after State Defendant Reicherter was properly served.
(Doc. #54 at 1 n.1).

For the following reasons, the motions to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) are GRANTED and the motion to dismiss pursuant to Rule 12(b)(5) is DENIED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

For the purpose of ruling on the motions, the Court accepts as true all well-pleaded allegations in the complaint and draws all reasonable inferences in plaintiff's favor, as summarized below.

On September 1, 2020, plaintiff alleges he and his wife, Oksana Kovtun,[2] visited a Walmart in Mohegan Lake, New York.  After shopping at the store, plaintiff alleges he scanned each item in his cart using a detachable scanner gun at the self-checkout.  His wife was not present as he scanned the items.  Plaintiff alleges his "Walmart Capital One mobile app" was not

---

In addition, although State Defendants invoke only Rule 12(b)(6) in their motion, their argument regarding suits against officers in their official capacities "is more appropriately characterized as a [motion for] dismissal under Rule 12(b)(1), as it [is] based on sovereign immunity." Morabito v. New York, 803 F. App'x 463, 465 n.2 (2d Cir. 2020) (summary order). However, the "distinction has no practical effect in this case because whether brought under either subdivision, the Court considers on this motion only the pleadings and the relevant state and federal law and has drawn all inferences in Plaintiff's favor." Crichlow v. Annucci, 2022 WL 6167135, at *6 (S.D.N.Y. Oct. 7, 2022).

Plaintiff will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

[2]      Although plaintiff refers to his wife throughout the complaint and occasionally references multiple "Plaintiffs" (Compl. at ECF 15), plaintiff only names himself as a party in the complaint (see id. at ECF 1, 3).  In his opposition, plaintiff argues he "has standing to assert claims on behalf of [his] wife" due to their "marital union" and shared assets.  (Doc. #50 ("Pl. Opp.") at ECF 14).  But plaintiff cites no legal support for this proposition, and the Court finds these arguments unavailing because plaintiff does not have standing to assert his wife's rights.  See Hui Yu v. U.S. Dep't of Homeland Sec., 568 F. Supp. 2d 231, 234 (D. Conn. 2008).  To the extent plaintiff seeks leave to amend the complaint to add his wife as an additional party, that request is denied as discussed below.

working, but his wife provided him with a credit card to pay for the items he scanned.  (Doc. #2 ("Compl.") at ECF 13).[3]

Plaintiff alleges as he and his wife were approaching the exit they were stopped by a Walmart employee to check that the items in their cart aligned with the items on their receipt. The employee allegedly noticed that an item was not listed, and plaintiff responded:  "Well, then scan the item and let me pay."  (Compl. at ECF 13).  Walmart Defendant Negron then escorted plaintiff and his wife to a register while Negron went into the security office.  Plaintiff alleges another sales associate transferred items from a second shopping cart into plaintiff's cart, mixing the items up.

Plaintiff alleges a manager arrived and began scanning the items in plaintiff's cart, so plaintiff informed the manager that "her associate put items from his second shopping cart into my cart." (Compl. at ECF 13).  The manager asked plaintiff and his wife to go into the security office where Negron requested their IDs.  Plaintiff contends he responded that he would not provide any identification or sign any paperwork.  Plaintiff alleges he gave Negron a choice:  "to either call the police and sort this out, or let me pay."  (Id.).  The NYSP were called, and plaintiff and his wife were arrested, "despite the fact that I asked Police to look at video surveillance." (Id. at ECF 14).

After his arrest, plaintiff alleges he went back to Walmart and "was given permission" to purchase the items that remained in his cart and some additional items.  Plaintiff attaches four receipts to his complaint (Compl. at ECF 18–25), two of which allegedly illustrate the items he purchased before and after his arrest, and two of which were allegedly "fabricated" by Negron

---

3        "ECF__" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

and a Walmart manager "to substantiate the arrest" (id. at ECF 14).  Plaintiff also alleges

Walmart was unjustly enriched because Walmart charged him twice for the same item.

Plaintiff alleges during negotiations with the prosecutor, he indicated he would not take

"any deals" and "would like to have a right to a speedy and public trial" and "to face my

accuser." (Compl. at ECF 14).  Plaintiff alleges the prosecutor dropped the charge for petit

larceny because "the Prosecutor knew she will lose." (Id.).  Plaintiff attached the Westchester

County court's certificate of disposition to his complaint, which indicates the petit larceny charge

was dismissed pursuant to New York Criminal Procedure Law Section 170.55 entitled

"Adjournment in contemplation of dismissal" or "ACD". (Id. at ECF 17).  Plaintiff also attached

Negron's supporting deposition, which describes the events at issue under penalty of perjury.

(Id. at ECF 29).

Plaintiff requests $270,000 in compensatory damages from all defendants and injunctive

relief from the County.[4]  In particular, plaintiff requests the County "rearraign me and change the

Disposition from CPL 170.55 to CPL 160.50 [or any other code that doesn't say ACD on the

paperwork]." (Compl. at ECF 15).

## DISCUSSION

I.   Standard of Review

A.   Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1)

when the district court lacks the statutory or constitutional power to adjudicate it."  Nike, Inc. v.

---

[4]      Plaintiff also asserted a claim for injunctive relief against "New York State only," but the
Court dismissed all claims against the State of New York on July 6, 2022.  (Doc. #7 at 2).

Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011)).[5]  "[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress."  Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009).  The party invoking the Court's jurisdiction bears the burden of establishing jurisdiction exists.  Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009).

In deciding a Rule 12(b)(1) motion at the pleading stage, the court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor," except for "argumentative inferences favorable to the party asserting jurisdiction."  Buday v. N.Y. Yankees P'ship, 486 F. App'x 894, 895 (2d Cir. 2012) (summary order).

When a defendant moves to dismiss for lack of subject matter jurisdiction and on other grounds, the Court should resolve the Rule 12(b)(1) challenge first.  Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990).

B.    Rule 12(b)(5)

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  Dynegy Midstream Servs. v. Trammochem, 451 F.3d 89, 94 (2d Cir. 2008).  When a defendant moves for dismissal for insufficient service of process under Rule 12(b)(5), a court must look to Rule 4, which governs "the content, issuance, and service" of process.  DeLuca v. AccessIT Grp., Inc., 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010).  The Court may look to matters outside the complaint to determine whether it has jurisdiction.  Mende v. Milestone Tech., Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003).

---

[5]    Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

Plaintiff bears the burden of proving service of process was adequate.  Obot v. Navient Sols., Inc., 726 F. App'x 47, 47 (2d Cir. 2018) (summary order).  "Conclusory statements that a defendant was properly served are insufficient to overcome a defendant's sworn affidavit that he was never served with process."  Mende v. Milestone Tech., Inc., 269 F. Supp. 2d at 251.

      C.     Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  First, plaintiffs' legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."  DiFolco v.

MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).  "Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint."  Id.

The Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (collecting cases).  "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).  Nor may the Court "invent factual allegations" a plaintiff has not pleaded.  Id.

"In addition, the appropriate degree of special solicitude is not identical with regard to all pro se litigants."  Tracy v. Freshwater, 623 F.3d 90, 102 (2d Cir. 2010).  When "the particular pro se litigant is experienced in litigation and familiar with the procedural setting presented" the level of solicitude "may be lessened."  Id.  Moreover, when, as here, according to public records plaintiff has graduated from law school, passed the New York bar, and is a frequent litigant in federal court,[6] the Court need not afford plaintiff the same special solicitude ordinarily granted to self-represented litigants.

---

[6]      See, e.g., Iosilevich v. TD Bank, No. 20-cv-1515 (RPK) (E.D.N.Y. filed Mar. 23, 2020); Iosilevich v. Enhanced Recovery Co., No. 20-cv-1557 (RPK) (E.D.N.Y. filed Mar. 26, 2020); Ioslevich v. Hofstra Univ., No. 20-cv-5085 (LDH) (E.D.N.Y. filed Oct. 22, 2020); Iosilevich v. New York City Admin. for Children's Servs., No. 21-cv-466 (RPK) (E.D.N.Y. Feb. 1, 2021); Iosilevich v. City of New York, No. 21-cv-4717 (RPK) (E.D.N.Y. Aug. 20, 2021); Iosilevich v. United States, No. 22-cv-6505 (RPK) (E.D.N.Y. Oct. 26, 2022).

In considering a motion to dismiss, the Court may consider materials subject to judicial notice, including court filings in other litigation, "not for the truth of the matters asserted in the other litigation but rather to establish the fact of such litigation and related filings."  Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008).

II.     <u>Subject Matter Jurisdiction</u>

State Defendants argue the Eleventh Amendment bars plaintiff's claims for damages against them in their official capacities, and thus, the Court lacks subject matter jurisdiction over these claims.

The Court agrees.

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity." <u>Gollomp v. Spitzer</u>, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." <u>Id</u>. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983. <u>Trotman v. Palisades Interstate Park Comm'n</u>, 557 F.2d 35, 40 (2d Cir. 1977).

Here, plaintiff seeks monetary damages against Defendant Bruen in his "official [and] personal capacity." (Compl. at ECF 6). Plaintiff also seeks monetary damages against Defendant Reicherter, the "arresting Officer," in his "employment capacities." (Compl. at ECF 6, 8, 12, 14). The Court interprets plaintiff's reference to "employment capacities" as "official capacities" because, by way of contrast, plaintiff references claims against other defendants in their "employment and personal capacities." (<u>See</u> <u>id</u>. at ECF 8, 12).

Accordingly, plaintiff's claims for monetary relief from Bruen and Reicherter in their official capacities must be dismissed. The Court will proceed to review plaintiff's claims against Bruen in his personal capacity under the Rule 12(b)(6) standard. And, liberally construing the allegations in the complaint in plaintiff's favor, the Court will also analyze the merits of

plaintiff's Section 1983 claims against Reicherter in his personal capacity under the Rule 12(b)(6) standard, despite plaintiff's failure to make explicit reference to claims against Reicherter in his personal capacity.

III.     Service of Process

The Walmart Defendants argue all claims against them should be dismissed for insufficient service of process in violation of the requirements of Rule 4.

However, the Walmart Defendants fail to consider plaintiff's IFP status under 28 U.S.C. § 1915. (See Doc. #4).  Under Section 1915(d) "[t]he officers of the court shall issue and serve all process, and perform all duties" in IFP cases.  "For plaintiffs proceeding [IFP] . . . the Marshal's Office—not the plaintiff—is primarily responsible for effecting service." Kavazanjian v. Rice, 2005 WL 1377946, at *2 (E.D.N.Y. June 6, 2005).  "Because in forma pauperis litigants are reliant on the Marshals Service, numerous courts have held that good cause under Rule 4(m)" to extend the deadline to effect service "is automatically established when the Marshal's Office has failed to effect service so long as the plaintiff has provided the information necessary to identify the defendants." Hamza v. Yandik, 2022 WL 976888, at *6 (N.D.N.Y. Mar. 31, 2022). Thus, the Court finds that good cause for the failure to effectuate service exists here.[7]

Accordingly, the Court will not dismiss plaintiff's claims against the Walmart Defendants pursuant to Rule 12(b)(5).

---

[7]     The Court notes that Walmart Defendants' counsel indicated it would accept service on behalf of its clients on November 17, 2022.  (Doc. #23).  Because the Court dismisses all of the claims against Walmart Defendants under Rule 12(b)(6), there is no need to extend the deadline and order the Marshal's Service to effectuate service of the complaint on counsel now.

IV.     Section 1983 Claims

All defendants argue plaintiff's Section 1983 claims for false arrest and malicious prosecution should be dismissed.  The Court addresses each argument for dismissal separately.

A.      The County:  Monell Liability

The County argues plaintiff's Section 1983 claims against it must be dismissed because plaintiff fails plausibly to allege the requirements of Monell v. Department of Social Services, 436 U.S. 658 (1978) ("Monell").

The Court agrees.

1.      Legal Standard

Under Monell, a municipality is liable under Section 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [plaintiff's] injury."  436 U.S. at 694. Thus, to assert a Section 1983 claim against a municipality, the plaintiff must show the existence of an official policy or custom causing injury and a direct causal connection between the policy or custom and the deprivation of a constitutional right.  Jones v. Town of East Haven, 691 F.3d 72, 80–81 (2d Cir. 2012).

A plaintiff may satisfy the "policy or custom" requirement by alleging one of the following:  (i) "a formal policy officially endorsed by the municipality"; (ii) "actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question"; (iii) "a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware"; or (iv) "a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those

who come into contact with the municipal employees." Brandon v. City of New York, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010).

To adequately plead a policy or custom, a plaintiff must allege more than one instance of a constitutional violation. See DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) ("[A] single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy."). A plaintiff typically must also adequately plead similar incidents involving others. See, e.g., Iacovangelo v. Corr. Med. Care, Inc., 624 F. App'x 10, 14 (2d Cir. 2015) (summary order) (affirming dismissal of Monell claim and noting, "other than the plaintiff, the amended complaint provides only one additional example of a similar incident").

"While Monell claims are not subject to a heightened pleading standard beyond that defined in Rule 8(a)(2), . . . boilerplate allegations will not suffice." See Guzman v. United States, 2013 WL 5018553, at **3–4 (S.D.N.Y. Sept. 13, 2013). "The allegations that [a defendant] acted pursuant to a 'policy,' without any facts suggesting the policy's existence, are plainly insufficient." Missel v. County of Monroe, 351 F. App'x 543, 545 (2d Cir. 2009) (summary order).

2.      Analysis

Here, the complaint is devoid of any allegations regarding the County or actions taken by its officials pursuant to a specific policy or custom. To the extent plaintiff attempts to assert the Westchester County District Attorney's Office—as an arm of the County—had a policy or custom that resulted in a violation of his constitutional rights, the complaint still fails to state a claim. Cf. Bellamy v. City of New York, 914 F.3d 727, 757 (2d Cir. 2019) (holding "the district attorney is a municipal policymaker [under Monell] because in making decisions other than

11

whether to prosecute the district attorney acts as the manager of the district attorney's office").[8]
Plaintiff fails to plead any similar incidents of false arrest or malicious prosecution involving
others and the District Attorney's Office.  See Dumel v. Westchester County, 2021 WL 738365,
at *5 (S.D.N.Y. Feb. 25, 2021) ("This failure dooms Plaintiff's [Monell] claim because a custom
or policy cannot be shown by pointing to a single instance of unconstitutional
conduct.").  Further, plaintiff pleads no facts to suggest a "direct causal connection" to a County
policy and his alleged injuries.  Jones v. Town of East Haven, 691 F.3d at 80–81.

Accordingly, all of plaintiff's Section 1983 claims against the County must be dismissed.

B.    Walmart Defendants:  State Action

The Walmart Defendants argue plaintiff's Section 1983 claims against them must be
dismissed because they were not acting under color of state law during the events alleged in the
complaint.

The Court agrees.

1.    Legal Standard

To state a claim under Section 1983, a plaintiff must allege both that:  (i) a right secured
by the Constitution or laws of the United States was violated, and (ii) the right was violated by a
state actor or private party acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48–
49 (1988).  A claim for relief under Section 1983 must allege facts showing each defendant acted
under the color of a state "statute, ordinance, regulation, custom, or usage."  42 U.S.C. § 1983.

To show that the actions of a private entity are attributable to the state, those actions must
meet one of three tests laid out by the Supreme Court:  (1) the "compulsion" test, when an entity

---

[8]    The Court previously dismissed plaintiff's claims against the Westchester County District
Attorney's Office and District Attorney Rocah in her role as a prosecutor.  (Doc. #7 at 3–4).

acts pursuant to the coercive power of the state; (2) the "public function" test, when the state has

delegated a public function to the entity; or (3) the "joint action" or "close nexus" test, when the

state provides "significant encouragement" to the entity, the entity is a "willful participant in

joint activity with the State," or the entity's functions are "entwined" with state policies.

Sybalski v. Indep. Grp. Home Living Program, Inc., 546 F.3d 255, 257 (2d Cir. 2008).  In

analyzing whether a private party acts under color of state law for purposes of Section 1983, the

Court analyzes the specific conduct of which a plaintiff complains, rather than the general

characteristics of the party.  See Fabrikant v. French, 691 F.3d 193, 207 (2d Cir. 2012).

"District courts within the Second Circuit usually reject claims that the actions of store

security guards implicate state action when they detain and investigate suspected shoplifters."

Guiducci v. Kohl's Dep't Stores, 320 F. Supp. 2d 35, 37 (E.D.N.Y. 2004) (collecting cases).  To

constitute state action, "the police must allow the security guard's judgment about whether

probable cause exists to be substituted for their own" without conducting an "independent

investigation of the matter."  Fletcher v. Walmart Stores, Inc., 2006 WL 2521187, at *3

(S.D.N.Y. Aug. 28, 2006).

2.    Analysis

Here, plaintiff fails to allege sufficient facts to satisfy any of the three tests for state

action provided by the Supreme Court.  Although plaintiff implies the Walmart Defendants and

the NYSP work in concert because they "know each other very well" and the police station is "in

the same shopping plaza" as the Walmart store (Pl. Opp. at ECF 20), those assertions are

insufficient to plead joint action.

Plaintiff's allegations that the State Defendants arrested him without reviewing the

surveillance video are likewise insufficient to plead the State Defendants engaged in joint

13

activity with the state or gave Negron the "authority of state law."  See Rodriguez v. Shoprite

Supermarket, 2020 WL 1875291, at *2 (E.D.N.Y. Apr. 15, 2020).  Negron's supporting

deposition detailing his observations of plaintiff in the store, which plaintiff attached to his

complaint (Compl. at ECF 29), shows the NYSP did more than arrest plaintiff "solely based on

[Negron's] request," precluding an inference that the State Defendants failed to conduct an

independent investigation before arresting plaintiff.  Fletcher v. Walmart Stores, Inc., 2006 WL

2521187, at *3 (dismissing Section 1983 claim for lack of state action when the plaintiff

admitted "the arresting officers conferred with [three Walmart employees], and that the officers

advised him he was under arrest based on [the employees'] advice and testimony").

Accordingly, plaintiff's Section 1983 claims against the Walmart Defendants must be

dismissed.

      C.     State Defendant Bruen:  Personal Involvement

The State Defendants argue plaintiff fails to state a Section 1983 claim against Bruen in

his personal capacity because plaintiff has not alleged facts sufficient to show Bruen was

personally involved in any purported constitutional violation.

The Court agrees.

To state a claim under Section 1983, a plaintiff must allege facts showing a defendant's

direct and personal involvement in the alleged constitutional deprivation.  See Spavone v. N.Y.S.

Dep't of Corr. Servs., 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that

personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an

award of damages under § 1983.").  "Direct participation" includes "a person who, with

knowledge of the illegality, participates in bringing about a violation of the victim's rights but

does so in a manner that might be said to be 'indirect'—such as ordering or helping others to do

14

the unlawful acts, rather than doing them him—or herself."  Provost v. City of Newburgh, 262 F.3d 146, 155 (2d Cir. 2001).  However, a defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights.  See Tangreti v. Bachmann, 983 F.3d 609, 619–20 (2d Cir. 2020).

Here, plaintiff names Bruen as a defendant but fails to allege any facts showing his involvement in the events plaintiff describes.  See Perkins v. City of New York, 2017 WL 1025987, at *2 (S.D.N.Y. Mar. 15, 2017) ("[When] the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted.").  Identifying Bruen as the NYSP Superintendent is also insufficient to establish any liability for Reicherter's alleged actions.  See Tangreti v. Bachmann, 983 F.3d at 618 (holding "there is no special rule for supervisory liability. . . . a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Accordingly, plaintiff's Section 1983 claims against Bruen must be dismissed.

D.       State Defendant Reicherter:  Probable Cause

State Defendants argue plaintiff's false arrest and malicious prosecution claims against Reicherter must be dismissed because, assuming the truth of plaintiff's allegations, Reicherter had probable cause to effectuate plaintiff's arrest.

The Court agrees.

1.       False Arrest Claim

Section 1983 claims for false arrest are analyzed under the law of the state where the arrest occurs.  Jaegly v. Couch, 439 F.3d 149, 151 (2d Cir. 2006).  Thus, to state a claim for false arrest under Section 1983 or New York law, a plaintiff must plead:  "(1) the defendant intended

to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did

not consent to the confinement and (4) the confinement was not otherwise privileged."  Singer v.

Fulton Cnty. Sheriff, 63 F.3d 110, 118 (2d Cir. 1995).

Under New York law, the existence of probable cause is an absolute defense to a false-

arrest claim.  See Marrero v. City of New York, 33 A.D.3d 556, 557 (1st Dep't 2006).  An

officer has probable cause to arrest when he or she "ha[s] knowledge or reasonably trustworthy

information of facts and circumstances that are sufficient to warrant a person of reasonable

caution in the belief that the person to be arrested has committed or is committing a crime."

Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996).  Courts determine whether probable cause

existed by focusing on the facts available to the arresting officer at the time of the arrest.  Panetta

v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006).  "It is well-established that a law enforcement

official has probable cause to arrest if he received his information from some person, normally

the putative victim or eyewitness, unless the circumstances raise doubt as to the person's

veracity."  Id.

Here, plaintiff attaches Defendant Negron's supporting deposition to the complaint,

which provides the basis for probable cause for Reicherter's arrest of plaintiff.  The supporting

deposition states Negron saw plaintiff and his wife "skip-scanning" merchandise and "placing

items into plastic bags."  (Compl. at ECF 29)  It also states Negron observed plaintiff "trying to

exit out the . . . exit door, passing all points of sale failing to pay for concealed merchandise."

(Id.)  The information contained in this eye-witness statement is sufficient to warrant a

reasonable person to believe plaintiff was committing petit larceny.  See Coyle v. Coyle, 302 F.

Supp. 2d 3, 8 (E.D.N.Y. 2004) (finding probable cause and dismissing false arrest claim when

plaintiff attached to his complaint a complaining witness's supporting deposition which the

officers relied upon in making the arrest).  In addition, the complaint does not set forth any

allegations raising doubt as to the veracity of Negron's statements in his supporting deposition.

See Martinez v. Golding, 499 F. Supp. 2d 561, 567–68 (S.D.N.Y. 2007) (finding probable cause

where officer relied on statements in a witness's supporting deposition that the officer "had no

apparent reason to disbelieve").  In fact, plaintiff's own allegations concerning his exit from the

store are consistent with the statements in Negron's supporting deposition as plaintiff suggests he

was in possession of an item for which he did not pay.  (See Compl. at ECF 13 ("At the exit

door, some African American woman was checking my receipt.  She noticed an item was not

listed, I said to her, 'Well, then scan the item and let me pay.'")).[9]  Even drawing all reasonable

inferences in plaintiff's favor, as the Court must at the motion to dismiss stage, the facts as

alleged show Reicherter had probable cause to arrest plaintiff.

   Accordingly, plaintiff's false arrest claim against Reicherter must be dismissed.

     2.  Malicious Prosecution Claim

   Section 1983 provides a claim for malicious prosecution, the elements of which are

borrowed from state law.  Cook v. Sheldon, 41 F.3d 73, 79 (2d Cir. 1994).  Under New York

law, to state a malicious prosecution claim, a plaintiff must plausibly allege "(1) the initiation or

continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in

plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual

---

[9]   In his opposition, plaintiff argues Negron's "'veracity' could have easily been ascertained
in the store by having State Defendants look at the surveillance cameras," which would have
"negate[d]" Negron's veracity.  (Pl. Opp at ECF 8).  However, "[o]nce a police officer has a
reasonable basis for believing there is probable case, he is not required to explore and eliminate
every theoretically plausible claim of innocence before making an arrest. . . .  [T]he arresting
officer does not have to prove plaintiff's version wrong before arresting him."  Panetta v.
Crowley, 460 F.3d at 396.

malice as a motivation for defendant's actions." Manganiello v. City of New York, 612 F.3d 149, 161 (2d Cir. 2010).

As discussed above, based on the facts alleged by plaintiff in the complaint and attached documents, Reicherter had probable cause for prosecution, which bars any malicious prosecution claim. Martinez v. Golding, 499 F. Supp. 2d 561, 569 (S.D.N.Y. 2007) ("[A] finding of probable cause defeats a claim for malicious prosecution.").

Moreover, plaintiff's malicious prosecution claim fails for the additional, independent reason that Reicherter did not initiate the criminal proceeding against plaintiff. "In general, courts presume the prosecutor exercises independent judgment in deciding whether to initiate or continue a criminal proceeding." Toussaint v. County of Westchester, 615 F. Supp. 3d 215, 227 (S.D.N.Y. 2022). To sufficiently allege the initiation element against a police officer, plaintiff must make "some showing that the defendant distorted the process by which the plaintiff was brought to trial" such as allegations "that the police failed to make a complete and full statement of facts to the District Attorney, misrepresented or falsified evidence, withheld evidence or otherwise acted in bad faith." Guillen v. City of New York, 625 F. Supp. 3d 139, 155 (S.D.N.Y. 2022). Plaintiff makes no such allegations in his complaint further dooming his malicious prosecution claim against Reicherter. See Toussaint v. County of Westchester, 615 F. Supp. 3d at 228 ("Absent a non-conclusory allegation to this effect, [the district attorney's] independent decision breaks the chain of causation to the [officer] for the purposes of the first element of a malicious prosecution claim.").

Accordingly, plaintiff's malicious prosecution claim against Reicherter must be dismissed.

V.      Supplemental Jurisdiction

Having dismissed plaintiff's federal claims against all defendants, the Court must

consider whether to exercise supplemental jurisdiction over the remaining state law claims.

A federal court "may decline to exercise supplemental jurisdiction over a [state-law]

claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28

U.S.C. § 1367(c)(3). Having dismissed the federal claims against all defendants, the Court no

longer has original jurisdiction over non-diverse parties. 28 U.S.C. § 1332(a); see also Wynston

Hll Cap., LLC v. Crane, 628 F. Supp. 3d 540, 545 (S.D.N.Y. 2022) ("[I]t is black-letter law that

'complete diversity,' in which the citizenship of each plaintiff is diverse from the citizenship of

each defendant, must exist for a district court to exercise diversity jurisdiction over an action.").

Liberally construing the complaint, plaintiff alleges he is a citizen of New York and

alleges defendants Negron, Bruen, Reicherter, and the County are citizens of New York as well.

(See Compl. at ECF 3–8). As such, complete diversity does not exist, and the Court lacks

subject matter jurisdiction. Given the early stage of these proceedings and the absence of any

remaining federal issues, the Court declines to exercise supplemental jurisdiction over plaintiff's

state-law claims. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) ("[W]hen the

federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims

remain, the federal court should decline the exercise of jurisdiction.").

Accordingly, the Court will dismiss plaintiff's state law claims.

VI.     Leave to Amend

In his opposition, plaintiff requests leave to file an amended complaint if the Court finds

his pleadings insufficient. (Pl. Opp. at ECF 14).

"A pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014).  Although leave to amend should be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), requests for leave to amend "should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

By Order dated November 18, 2022, the Court instructed plaintiff to file an amended complaint by December 19, 2022, containing the full names of all John and Jane Doe defendants who had, by that time, been identified, and addressing any deficiencies made apparent by the arguments in the County's original motion to dismiss.  (Doc. #24).  Plaintiff then requested a lengthy extension of time, until March 1, 2023, so he could take the California bar exam, which the Court granted.  (Docs. ##25, 26).  Plaintiff failed to meet the extended deadline, and on March 9, 2023, the Court ordered the original complaint be deemed the operative complaint in this case.  (Doc. #28).  Plaintiff then requested a further extension of time to file an amended complaint, which the Court denied.   (Docs. ##29, 30).

Plaintiff failed to file an amended complaint after he was afforded a lengthy period of time to do so.  In addition, the Court does not find any allegations in the complaint, liberally construed, that suggest plaintiff has a valid claim he has merely "inadequately or in artfully pleaded" and therefore should be "given a chance to reframe." Cuoco v. Moritsugu, 22 F.3d 99, 112 (2d Cir. 2000).  On the contrary, the Court finds that repleading would be futile, because the

problems with the complaint are substantive, and supplementary and/or improved pleading will not cure its deficiencies.  Id.

Accordingly, leave to amend is denied.

## CONCLUSION

The motions to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) are GRANTED and the motion to dismiss pursuant to Rule 12(b)(5) is DENIED.

Plaintiff's request for leave to amend is DENIED.

The Clerk is instructed to terminate the motions (Docs. ##31, 33, 37) and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Opinion and Order and all unpublished decisions cited herein to plaintiff at the address on the docket.

Dated:  January 12, 2024
        White Plains, NY

                          SO ORDERED:

                          Vincent L. Briccetti
                          United States District Judge

21